UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRAD TOPP, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17-CV-344-PPS-MGG |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Brad Topp, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing where a Disciplinary Hearing Officer found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction Policy B-202. As a result, he was docked 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Topp argues that he is entitled to habeas corpus relief because there was insufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke

good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

IDOC B-202 prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Topp as follows:

> On 8-4-16 I Sgt Dice was assigned to GHU. Approximately 7:30 am I was called to cell 219/220. When I arrived Offender Topp, Brad 129104 G-219 was laying on his bunk screaming in pain. When I enquired (sic) what was wrong Offender Topp stated that he had a migraine. I called medical and informed them of the issue but advised them that Offender Topp's behavior was not what I know to be normal for a migraine. Once I described the bahavior the nurse agreed but said she would see him. While I was on the phone I saw Offender Topp vomit in his toilet. I went back to his cell and offender Topp had returned to laying on the bottom bunk but had not flushed the vomit. I did a visual inspection of the vomit and could see what appeared to be a white chalky residue mixed in the vomit. At this time I began an area search of the cell looking for clues as to the ingestion of a narcotic. While looking at Offender Topp's property on the shelving unit I noticed the back of a Bic pen laying on the bottom shelf. I picked it up and inspected it. I then started a

> search for an altered Bic pen as I know this is an item offenders use to ingest narcotics up their nose. I located in the same area a clear in color Bic pen that appeared to have the ink cartridge partially inserted in it. Upon picking up the pen I could notice a hazy tint to the color of the pen. I examined the pen closer by removing the ink cartridge and looking inside. Inside the pen is a white powdery residue. The pen appears to have been used to "snort" a powder form of intoxicant. When I confronted Offender Topp he became angry and began yelling at me. This is not normal behavior for someone who claims to have a migraine. Offender Topp was sent to phase 2 OSB for medical treatment. I was informed by LPN L. Lees that Offender Topp did show signs of ingesting a narcotic. A cell search was conducted but no further narcotics were located. A coax cable was found under Offender Topp's mattress located by his pillow area. The coax cable was folded and tied in a manner that I believe was intended to be used as a weapon. Offender Topp was moved to the infirmary for observation.

ECF 11-1.

There was sufficient evidence to find Topp guilty. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Here, the hearing officer relied on the Conduct Report, photographs of the pen, and Topp's statement at the hearing in determining that Topp was guilty. In light of the evidence of Topp's behavior, the items discovered in his cell, and the officer's description of the white chalky substance in the toilet, the hearing officer's finding of guilt was not arbitrary or unreasonable.

Topp suggests that there was insufficient evidence to find him guilty because the pen was not tested for intoxicants. Yet, the hearing officer did not need to have the substance tested to have sufficient evidence that Topp used a substance controlled by

State or federal law;[1] the evidence contained in the Conduct Report satisfies this standard. Thus, Topp is not entitled to habeas corpus relief.

If Topp wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court **DENIES** the habeas corpus petition (ECF 1). The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

    **SO ORDERED.**

    ENTERED: October 10, 2017.           /s Philip P. Simon
                                                                        Judge
                                                                        United States District Court

---

[1] Synthetic controlled substances, or look-a-like substances, are also classified as controlled substances pursuant to Indiana law. *See* Ind. Code 35-31.5-2-321, 321.5.